

U.S. Department of Justice

Environment and Natural Resources Division

90-5-2-1-10802

*Environmental Enforcement Section*　　　　　　　　　　　　　　　　　　　　　　　　*Telephone (202) 305-0371*
*P.O. Box 7611*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Facsimile (202) 514-0097*
*Ben Franklin Station*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*dan.smith2@usdoj.gov*
*Washington, DC 20044-7611*

July 31, 2017

By first class mail and ECF

Hon. John T. Copenhaver, Jr.
6009 Robert C. Byrd United States Courthouse
300 Virginia Street East
Charleston, WV 25301

　　　　Re:　*United States v. Bayer CropScience LP,* No. 2:15-cv-13331
　　　　　　　August 1, 2017 Status Report on Progress of Alternative Proposals to the West
　　　　　　　Sump Expansion, Appendix B

Dear Judge Copenhaver,

　　　　The Parties to the above-referenced matter respectfully submit this interim status report on the cancellation of construction work on the West Sump Expansion (West Sump Expansion) Supplemental Environmental Project (SEP), and the status of the substitution of alternative proposals.

## Background

　　　　Pursuant to Paragraph 23 of the Consent Decree entered in the above-referenced matter, Bayer CropScience LP (BCS) agreed to perform Supplemental Environmental Projects (SEPs). One SEP, described in Appendix B of the Consent Decree, required BCS to expand the existing capacity of the West Sump in order to prevent untreated process wastewater from overflowing into the Kanawha River during heavy rains, fire-fighting emergencies, and process upsets. Since the negotiation and implementation of the Consent Decree, BCS has made improvements to the existing West Sump to provide control and protection from overflows of wastewater to the river, even during sizable rain events. Specifically, BCS has installed two new electric pumps; programmable controls for the pumps with automatic start, self-priming, suction strainers; and back-up diesel driven pumps and is supplying increased manpower to observe and operate this equipment. Indeed, the intervening upgrades and improvements have eliminated overflows to the West Sump for nearly three years.  Since 2015, Dow has owned and operated the subject site.

　　　　In addition, BCS encountered soil contamination during the initial stage of construction of the West Sump Expansion SEP that endangered the health and safety of the construction workers and generally posed difficulties for completion of the SEP.  BCS reported these conditions to the site owner, who in turn reported it to the United States Environmental Protection Agency (EPA) in accordance with applicable requirements.

In March 2017, BCS notified the (EPA of the situation regarding the West Sump Expansion SEP, and the parties agreed to a face-to-face meeting. Following the May 1, 2017 meeting with EPA and the Department of Justice (DOJ), the government agreed that it did not make sense to proceed with the West Sump Expansion project and that the parties should try to agree upon appropriate alternative SEP(s) to substitute for the West Sump Expansion SEP.

Paragraph 24 of the above-referenced Consent Decree provides that BCS is responsible for substantial completion of the West Sump Expansion SEP, defined as documenting expenditures amounting to at least ninety percent (90%) of the estimated cost of the SEP and achievement of the purpose of the SEP. At this time, stipulated penalties have not accrued for the West Sump Expansion SEP, and such penalties would not accrue until December 2017, the substantial completion deadline. The Parties agree that BCS should not be required to meet the interim milestones for the SEP. Thus, BCS is proposing alternative projects, that, subject to the government's approval, it will complete instead of the West Sump Expansion SEP, according to a new schedule appropriate for the alternative projects.

### Notice to the Court

On or about June 13, 2017, the Parties jointly briefed the Court, advising that the Parties anticipate proposing a major modification of the Consent Decree, to the Court, to delete the West Sump Expansion SEP and substitute new SEP(s), which will require Court approval. The DOJ advised the Court that, with most major modifications, it is the government's practice to provide public notice and opportunity for comment prior to seeking the Court's approval.

Your Honor responded by requesting a status report by August 1, 2017 and a proposed modification by September 1, 2017.

### Status of the Discussions

Throughout June and July the Parties have evaluated a number of potential SEPs and have narrowed in on two SEPs that entail the purchase of equipment for two fire departments: the Jefferson Volunteer Fire Department (JVFD) and the Institute Volunteer Fire Department (IVFD). The equipment includes fire trucks; modern, specialized fire-fighting equipment; and individual air packs with thermal imaging cameras built in. The undersigned counsel for plaintiff the United States believes that after including some additional details, the SEPs are likely to be approvable. While the total cost of the two replacement SEPs, $1,727,792, is less than the cost of the West Sump Expansion, approximately $3.1 million, the EPA believes that replacement SEPs are better projects with a closer nexus to the alleged violations and potentially greater benefit to the community. Consequently, the United States would consider the value of the replacement SEPs to be equivalent to, or greater than, the value of the West Sump Expansion.

The United States has recently provided comments to BCS on a draft of its formal proposal for the replacement SEPs. The remaining steps are:

- The Parties need to continue the process of editing the proposals until they have arrived at a formal proposal suitable for incorporation as appendixes to the Consent Decree.

• Simultaneously, the Parties must draft a pleading that would modify the Consent Decree if agreed upon by the Parties and the Court.

• By August 8, 2017, the Parties plan to have final documents prepared for review and approval or disapproval by the final decision-makers for each party.

• The Parties intend to circulate signed versions to each other by August 28, 2017.

• The Parties will lodge the proposed modification with the Court by September 1, 2017.

• Assuming that DOJ officials agree that public notice is necessary, notice of the proposed modification will be published in the Federal Register as soon as practicable after the documents are lodged with Court.

• Following a 30-day comment period, the United States will review the comments and file a motion with the Court recommending approval or disapproval of the SEP replacement.

We will notify the Court of any developments that could substantially change the Parties' understanding.

Respectfully,

/s/ Daniel S. Smith

Daniel S. Smith
Senior Counsel

and

/s/ Eileen D. Millett

Eileen D. Millett
Counsel for Bayer CropScience